## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLORADO

Civil Action No. _____

Snow Capped Properties, Inc. and Snow Capped Property Management, LLC,
       Plaintiffs,
v.

Kyle James d/b/a Snowcapped Hospitality LLC,
       Defendant.

_____

## COMPLAINT

_____

## PARTIES

1. Plaintiff Snow Capped Properties, Inc. is a corporation duly organized and existing under the laws of the State of Colorado, with its principal place of business located in Grand County, Colorado.

2. Plaintiff Snow Capped Property Management, LLC is a limited liability company duly organized and existing under the laws of the State of Colorado, with its principal place of business located in Grand County, Colorado.

3. Plaintiffs, Snow Capped Properties, Inc. and Snow Capped Property Management, LLC are collectively referred to as "Plaintiffs," with a mailing address at PO Box 862, Fraser, CO 80442.

4.  Defendant Kyle James is an individual doing business as Snowcapped Hospitality LLC, with an address at 1942 Broadway, Suite 314C, Boulder, CO 80302.

## NATURE OF THE ACTION

5.  This is an action for trademark infringement under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), common law trademark infringement, unfair competition, and violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

6.  This action is brought to seek an injunction prohibiting the Defendant from further infringing Plaintiffs' trademarks and to obtain an order requiring the Defendant to transfer to Plaintiffs any domain names incorporating the "Snow Capped" mark.

## JURISDICTION AND VENUE

7.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the trademark laws of the United States, and supplemental jurisdiction under 28 U.S.C. § 1367(a) for related state law claims.

8.  Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because Defendant resides in this district, and a substantial part of the events or omissions giving rise to the claims occurred in this district.

**FACTUAL BACKGROUND**

9.  Plaintiffs have established and maintained continuous use of the "Snow Capped" designation as a company name and service mark since at least as early as May 5, 2021. A screenshot of their website is attached hereto as **Exhibit No. 1**.

10. A filing of the Articles of Organization for Plaintiff No.2 is attached hereto as **Exhibit No. 2.**

11. A filing of the Articles of Incorporation for Plaintiff No.1 is attached hereto as **Exhibit No.3.**

12. Plaintiffs obtained Colorado State Registrations of their Trade Name "Snow Capped Property Management" bearing ID No.20241794348, and their Trademarks "Snow Capped Properties" bearing ID No.20248104646, and "Snow Capped Property Management" bearing ID No.20248104676, attached as **Exhibits No.4, 5, and 6**, respectively.

13. Plaintiffs obtained a Colorado State registration of the Trademark "Snowcapped Hospitality," bearing ID No. 20248104714, attached herein as **Exhibit No.7**.

14. Plaintiffs filed the U.S. Patent and Trademark Office Application bearing Serial No.98826922 for "Snow Capped" in connection with real estate brokerage, and real estate services, namely, rental property management in trademark class 36. The same is attached hereto as **Exhibit No.8.**

15. Through significant efforts and expenditures in marketing, registrations, and providing services, Plaintiffs have gained valuable goodwill and recognition in connection with their "Snow Capped" marks, particularly in the property management sector.

16. Plaintiffs hold state trademarks and federal rights in "Snow Capped Property Management" and related marks, as evidenced by the Exhibits attached hereto.

17. On or around October 16, 2024, Plaintiffs discovered that Defendant began using "Snowcapped Hospitality" in connection with services identical to Plaintiffs', specifically short-term property rental management.

18. Defendants rented a booth at a Grand County, Colorado trade show that was next to Plaintiffs' booth, and numerous attendees expressed confusion as to whether the two companies were related.

19. Defendant's use of "Snowcapped Hospitality" includes identical or confusingly similar elements, including the same color scheme and font, as those used by Plaintiffs.

20. Defendant also incorporated a 'mountain' design/embellishment in their logo which makes it resemble the Plaintiffs' logo even more.

21. A screenshot of the Defendant's website is attached hereto as **Exhibit No.9**.

22. Defendant's actions have caused and are likely to continue to cause confusion among consumers regarding the source or sponsorship of Defendant's services.

23. Defendant called Plaintiffs in January 2023 and were aware of their business name.

24. Defendant was aware of Plaintiffs' marks and intentionally adopted a confusingly similar name to ride on Plaintiffs' goodwill.

25. Defendant filed their Articles of Organization only on January 12, 2024, and the same is attached hereto as **Exhibit No.10.**

26. Plaintiffs have received numerous inquiries and reports of confusion from business partners and consumers, including at the Winter Park & Fraser Chamber Business Expo.

27. Plaintiffs' rights have been infringed, causing significant harm to their business and reputation.

## COUNT I: FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

28. Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 17.

29. Plaintiffs own valid and legally protectable trademarks in the "Snow Capped" marks, as evidenced by the Exhibits attached hereto.

30. Defendants have adopted a phonetically identical mark, used in connection with the identical services, and for business conducted in the same geographic area.

31. Defendant's unauthorized use of "Snowcapped Hospitality" is confusingly similar to Plaintiffs' trademarks, in connection with identical services, and is likely to cause confusion, mistake, or deception among consumers regarding the affiliation, connection, or association with Plaintiffs.

32. Defendant's actions constitute trademark infringement under 15 U.S.C. § 1114.

## COUNT II: UNFAIR COMPETITION (15 U.S.C. § 1125(a))

33. Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 21.

34. Defendant's use of "Snowcapped Hospitality" constitutes false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a), as it is likely to mislead consumers and harm Plaintiffs' reputation.

## COUNT III: VIOLATION OF THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT (15 U.S.C. § 1125(d))

35. **Incorporation by Reference:** Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 23.

36. **Ownership of Domain Name:** Plaintiffs own the domain name

"https://snowcappedpm.com/," which is closely associated with their registered trademarks

and widely recognized in the market for real estate and property management services.

37. **Defendant's Infringing Domains:**Defendant has registered and is actively using the

domain names "https://snowcapped.pushleads.com/"and

"https://snowcapped.com/," which incorporate the "Snow Capped" mark. These domains

are confusingly similar to Plaintiffs' domain name and trademarks.

38. **Intent to Profit in Bad Faith:** Upon information and belief, Defendant registered these

domain names with the intent to profit from Plaintiffs' established reputation and goodwill

associated with the "Snow Capped" marks. Defendant's registration and use of these

domains were executed in bad faith, intending to create confusion and mislead

consumers.

39. **Likelihood of Confusion:** The similarity between Defendant's domain names and

Plaintiffs' marks is likely to cause consumer confusion, mistake, or deception as to the

affiliation, connection, or association of Defendant's services with Plaintiffs.

40. **Bad Faith Factors:** Defendant's actions demonstrate bad faith intent to profit from

Plaintiffs' trademarks as evidenced by:

- o The identical nature of the services offered by Defendant, which directly

  competes with Plaintiffs' business.

- o The intentional incorporation of the distinctive "Snow Capped" mark in

  Defendant's domain names to attract and mislead consumers.

o   The lack of any bona fide or legitimate business purpose for using the "Snow Capped" designation other than to capitalize on Plaintiffs' established brand.

41. **Violation of ACPA:** Defendant's actions constitute a violation of the Anticybersquatting Consumer Protection Act, as Defendant has in bad faith registered, trafficked in, or used domain names confusingly similar to Plaintiffs' trademarks, intending to profit from the Plaintiffs' established goodwill and reputation.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court:

A.      Grant an injunction enjoining Defendant from further infringing any of Plaintiffs' trademarks or any mark which is confusingly similar to Plaintiffs' registered trademarks;

B.      Order Defendant to transfer to Plaintiffs any domain names incorporating the "Snow Capped" mark;

C.      Award Plaintiffs monetary damages for Defendant's infringement, including but not limited to, all profits derived by Defendant from its infringing conduct, and an award of Plaintiffs' damages, trebled, pursuant to 15 U.S.C. § 1117;

D.      Award Plaintiffs their costs and attorneys' fees incurred in this action; and

E.    Grant such other and further relief as the Court deems just and proper.


DATED this 4th of December, 2024.


Respectfully submitted,


/Tamara Pester/

Attorney and Owner, Tamara S. Pester, LLC d/b/a TMBTQ

Attorney for Plaintiffs